UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY JONES,

        Plaintiff,                                      Civil Action No. 15-cv-10459

vs.                                                HON. BERNARD A. FRIEDMAN

ENCOMPASS INDEMNITY
COMPANY,

        Defendant.

_____/

SYNERGY SPINE AND
ORTHOPEDIC SURGERY
CENTER, LLC,

        Plaintiff,                                      Civil Action No. 15-cv-14266

vs.                                                HON. BERNARD A. FRIEDMAN

ENCOMPASS INDEMNITY
COMPANY,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR CONSOLIDATION AND TO ADJOURN SCHEDULING ORDER DATES**

        This matter is presently before the Court on defendant's Motion for Consolidation and to Adjourn Scheduling Order Dates [docket entry 21] filed under Civil Action No. 15-cv-10459. Plaintiff Troy Jones has filed a response in opposition to defendant's motion [docket entry 22]. Defendant has not filed a reply, and the time for it to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion on the briefs. For the following reasons, the Court shall grant defendant's motion.

Federal Rule of Civil Procedure 42(a) governs consolidation of cases:

(a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

The decision to consolidate cases involving the same factual or legal questions is a matter left to the discretion of the Court. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In deciding whether to consolidate cases, courts must consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.*

Defendant argues that 15-10459 and 15-14266 should be consolidated because both cases involve benefits sought pursuant to Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq.*, and both arise from the same motor vehicle accident. Defendant also argues that having two trials will be duplicative and costly for the Court and all parties, as all parties will likely rely on the same experts and lay witnesses, and that having two trials could result in two inconsistent verdicts regarding liability. Plaintiff opposes consolidation, arguing simply that "[t]his is a[n] Uninsured Motorist (UM) claim . . . and [t]he Synergy case is a provider action for medical expenses" and consolidation will "cause more confusion." Pl.'s Resp. ¶¶ 6-7.

The Court finds that consolidating the two cases will promote convenience and judicial economy and avoid unnecessary costs and delay. Moreover, any possible risk of prejudice

to plaintiff or potential for confusion are outweighed by the risk of inconsistent verdicts and the unnecessary burden that will be placed on the parties, the Court, and lay and expert witnesses, if the matters would be tried separately.

Defendant also asks the Court to extend the deadlines in the current scheduling order in Civil Action No. 15-cv-10459 by 180 days. Rule 16(b)(4) provides that "a scheduling may be modified only for good cause and with the judge's consent." Defendant suggests that an extension is needed because it has not deposed plaintiff or her medical providers. Plaintiff opposes the motion as "unnecessary" and argues that defendant *has* deposed plaintiff and that "[i]f Defendant has not deposed [plaintiff's] medical providers prior to the discovery cutoff[,] which was extended once, that is on the Defendant." Pl.'s Resp. ¶ 12. The Court is persuaded that defendant has shown good cause exists to extend the deadlines in the scheduling order.

Accordingly,

IT IS ORDERED that 15-cv-10459 is consolidated with 15-cv-14266 for all purposes, including trial.

IT IS FURTHER ORDERED that all subsequent papers filed after the date of this order shall be entered under civil action number 15-cv-10459.

IT IS FURTHER ORDERED that 15-cv-14266 is hereby closed for administrative purposes.

IT IS FURTHER ORDERED that the scheduling order in 15-cv-10459 is amended as follows:

    Discovery cut-off:                 June 29, 2016

Motion filing deadline: October 6, 2016
(Excluding trial motions in limine)

Case Evaluation: November 2016
(Date to be set by Wayne County Mediation Tribunal)

Final Pre-Trial: March 20, 2017, at 1 p.m.

Trial (Bench/Jury): April 11, 2017, at 9 a.m.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 8, 2016
Detroit, Michigan